UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN M. BOLEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 11-cv-15707

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (docket no. 17 ), **ADOPTING REPORT AND RECOMMENDATION** (docket no. 14 ), **DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** (docket no. 9), **AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (docket no. 12)

Plaintiff Dawn Marie Boley filed her complaint seeking review of the final decision of the Commissioner of Social Security ("Commissioner") that denied her claim for disability benefits and supplemental security income. The matter was referred to a United States magistrate judge for the issuance of a report and recommendation. Plaintiff and the Commissioner both filed motions for summary judgment. The magistrate judge recommends granting the Commissioner's motion, denying Plaintiff's motion, and affirming the decision of the Commissioner. Plaintiff filed objections to this recommendation. For the reasons that follow, the Court will overrule Plaintiff's objections, adopt the magistrate judge's report and recommendation, and grant the Commissioner's motion.

## BACKGROUND

Plaintiff filed her application for Social Security disability benefits and supplemental security income on April 13, 2007, alleging a disability onset date of March 31, 2007, as the

result of the combined effect of multiple impairments including fibromyalgia, right shoulder impingement, rotator cuff tear, migraine headaches, ocular histoplasmosis syndrome, asthma, tachycardia, depression, and Sjogren's syndrome. ALJ Decision, Tr. 10 & 12, ECF No. 7-2. Her claim was initially denied on August 28, 2007, and then was denied in a written decision by the administrative law judge ("ALJ") on April 29, 2010, after a hearing on the matter. *Id.* at 9. The Appeals Counsel denied her request for review on December 19, 2011, making the decision of the ALJ the final decision of the Commissioner. Appeals Counsel Notice Tr. 1-4, ECF No. 7-2. Plaintiff now seeks judicial review of this decision pursuant to 42 U.S.C. § 405(g) claiming that the ALJ failed to consider the full effects of Plaintiff's obesity on her ability to perform substantial gainful activity, and that the ALJ's credibility findings are not supported by the evidence in the record. Pl. Mot. Summ. J. 6, ECF No. 9. She also argues that the case should be remanded pursuant to sentence six of 42 U.S.C. § 405(g) so that the ALJ may consider a medical opinion that was not previously submitted to him. *Id.*

After considering the record and the summary judgment motions filed by each of the parties, the magistrate judge recommends that the Court affirm the decision of the Commissioner because Plaintiff has failed to show that the ALJ reversibly erred in evaluating her credibility or accounting for her obesity; and has failed to show good cause for not including in the record before the ALJ the physician opinion she now wants considered. Report 31, ECF No. 14. Plaintiff filed objections to the report and recommendation arguing that the magistrate judge erred in each of these findings. Pl. Obj. 3-6, ECF No. 17.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the Court's review of the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). The Rule requires a district judge who refers a dispositive motion to conduct a de novo review of the parties' "specific written objections to the proposed findings and recommendations." *Id.*

Here the referred motions pertain to a final administrative decision of the Commissioner of Social Security. The Court reviews the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). This review is not de novo, rather, the "Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation and citation omitted). The Court's review of the Commissioner's factual findings is limited to examination of the record and must consider the record as a whole. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

## DISCUSSION OF OBJECTIONS

I. Credibility Determination

Plaintiff claims that the ALJ's credibility findings were not supported by substantial evidence. In reviewing this claim, the magistrate judge found that Plaintiff's argument was not adequately developed or supported by the record. Plaintiff merely objected to the ALJ's use of boilerplate language in his decision, but she did not identify any particular rationale used by the ALJ that was not supported by substantial evidence. Report 17-23. The Court agrees with the magistrate judge's assessment. Plaintiff makes no real argument on this point in her summary judgment motion, she simply inserts a block quote from a Seventh Circuit case criticizing the Commissioner's use of a template to describe a claimant's credibility, and then summarily states "[t]he same result in this case would serve justice." Pl. Mot. Summ. J. at 13-14. Plaintiff's reply brief adds little to the analysis other than to argue that the ALJ did not address the full effects of Plaintiff's severe medical conditions as described by her treating rheumatologist, Dr. Arora. Pl. Reply 2-3, ECF No. 13. But as the magistrate judge notes in her report, the ALJ did more than rely on the template language in her review of Plaintiff's credibility. Report at 22-23. And as to the impairments found by Dr. Arora, Plaintiff's impairments are not at issue. The issue is whether the ALJ reasonably discounted the Plaintiff's allegations regarding the limiting effects of her impairments. *Id.* at 21.

Plaintiff's objections attempt to remedy the deficiencies of her motion by taking issue with five facts the ALJ cited in support of his credibility determination. Pl. Obj. at 2-3. None of her arguments suggest the ALJ erred. First, Plaintiff points to the ALJ's statement that "no physician has imposed a work preclusive limitation on the claimant's functioning." *Id.* at 2. Plaintiff claims that this statement was error because Dr. Sebesky "expressed his

opinion that Plaintiff had work preclusive headaches, numerous muscle aches and pains, paresthesias throughout her trunk and extremities." *Id.* But the letter Plaintiff cites in the record makes no such reference to these impairments being "work preclusive." Sebesky July 2004 Letter, Tr. 211, ECF No. 7-7. The letter merely states that Plaintiff suffers from these ailments and provides the opinion she "fits the category for the diagnosis of fibromyalgia" and "may need to be referred for some physical therapy and/or medication that would help her." *Id.* Plaintiff's position that Dr. Sebesky found these ailments to be "work-preclusive" is curious considering the very next letter in the record is from Dr. Sebesky and states "I am unable to determine [Plaintiff's] ability to do work related activities due to the fact that she was only treated a few visits in my office. She was then referred to her primary care physician for evaluation." Sebesky September 2004 Letter, Tr. 212. Plaintiff's objection on this point is without merit. The only other support offered for this argument is an exhibit that she submitted to the Appeals Counsel. But "evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter,* 279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 148 (6th Cir. 1996)).

Next, Plaintiff contends that the ALJ's position that the claimant had not engaged in work hardening exercises "is not a reasonable position to take to disprove limitations." Pl. Obj. at 2. She offers no support for this argument and the fact that she disagrees with the ALJ is not grounds for reversing his decision. Plaintiff's remaining arguments are similarly unpersuasive. She argues the ALJ's finding that for much of the time in question she did not use prescription medication is not supported by the evidence because Plaintiff testified she takes 2400mg of Motrin daily, but the ALJ recognizes this in his opinion. ALJ Decision,

Tr. 16. She also submits that the ALJ's finding that some clinicians observed her walk without a cane does not support an adverse credibility finding because the ALJ does not identify the clinicians who made this observation. Pl. Obj. at 3. But she does not point to any evidence in the record which would support her claim regarding her functional range of motion. *Id.* She further claims that the ALJ erred in assessing her credibility by finding that her allegations of frequent headaches and bad days are not supported by the record, but this misconstrues the ALJ's finding. What the ALJ actually found was that Plaintiff's "allegations of frequent migraines and 'bad' days *that would interfere with her ability to comply with standard attendance requirements* are not well supported by the objective evidence." ALJ Decision, Tr. 16 (emphasis added). The ALJ noted that Plaintiff's treating physician, Dr. Arora, "declined to identify any specific work restrictions of the claimant and indicated that she needs a formal work evaluation." *Id.* Finally, Plaintiff argues that the ALJ erred by considering her ability to perform household tasks because this is "not generally considered determinative of a person's ability to perform substantial gainful activity." Pl. Obj. at 3. But she fails to show that the ALJ erred by considering this along with other factors. None of Plaintiff's arguments are availing and her objection is overruled.

II. Assessing Effects of Obesity

Plaintiff argued in support of summary judgment that the ALJ erred in evaluating the effects of her obesity. The magistrate judge agreed that Plaintiff's obesity should be considered severe but noted that "[a]n ALJ does not commit harmful error by excluding an impairment at step two so long as the ALJ finds other severe impairments and then considers the limiting effects of the excluded impairment at steps three through five." Report at 24 (citing *Swartz v. Barnhart*, 188 F. App'x 361, 368 (6th Cir. 2006); *Riepen v.*

*Comm'r of Soc. Sec.,* 198 F. App'x 414, 415 (6th Cir. 2006)). The magistrate judge evaluated whether the ALJ adequately accounted for the effects of Plaintiff's obesity at steps three through five of the disability analysis. She found that, even assuming the ALJ erred by not considering the effects of Plaintiff's obesity on her depression, Plaintiff failed to show that this error was harmful. Report at 27 ("Plaintiff has not cited a single listing or even a single requirement of a listing, that she would have met or medically equaled had the ALJ determined that her obesity heightened her depression.").

Plaintiff's objects as follows:

> [t]he Magistrate Judge raises a straw man argument about meeting or equaling the depression listing which was never the Plaintiff's claim as to disability. Her claim was lack of sufficient RFC to sustain full time competitive employment. The ALJ erred in not according sufficient limitation to the combined effects of Plaintiff's depression and obesity. That error was not harmless as it directly contravened SSR 02-01p.

Pl. Obj. at 4 (internal citation omitted). But the magistrate judge addressed the ALJ's residual functional capacity ("RFC") assessment, which restricted Plaintiff to simple, unskilled work, and noted that "Plaintiff made no attempt to explain how her depression — amplified by her negative self-image caused by her obesity — would preclude simple, unskilled work." Report at 28. Plaintiff "had the burden of showing specifically how the obesity, in combination with other impairments, limited her ability to a degree inconsistent with the ALJ's RFC determination." *Smith v. Astrue,* 639 F. Supp.2d 836, 846-47 (W.D. Mich. 2009). Accordingly, even assuming the ALJ erred by failing to discuss the effects of her obesity and violated S.S.R. 02-1p, the Social Security Ruling concerning the evaluation of obesity in disability claims, Plaintiff has failed to show this error was harmful such that remand or reversal is warranted. The objection is overruled.

III. <u>Sentence Six Remand</u>

Lastly, Plaintiff argues this matter should be remanded so that the Commissioner may consider additional evidence. The magistrate judge recommends denying this request because the evidence Plaintiff seeks to have considered is not new and Plaintiff has failed to show good cause for not presenting it in the proceeding before the ALJ and, therefore, has failed to meet the statutory requirements for remand. Report at 29 (quoting 42 U.S.C. § 405(g)). Plaintiff's objection to this recommendation fails to address the statutory requirements for remand or to otherwise show compliance. The objection is overruled.

## CONCLUSION

None of Plaintiff's arguments warrant remand or reversal of the ALJ's decision. The Court finds the magistrate judge's findings and analysis are proper and will adopt the report and recommendation and affirm the Commissioner's decision.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Plaintiff's objections (docket no. 17) are **OVERRULED** and the magistrate judge's report and recommendation (docket no. 14) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (docket no. 9) is **DENIED** and the Commissioner's motion for summary judgment (docket no. 12) is **GRANTED**.

**SO ORDERED**.

                                          <u>s/Stephen J. Murphy, III</u>
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: March 15, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 15, 2013, by electronic and/or ordinary mail.

                                        <u>Carol Cohron</u>
                                        Case Manager